# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| UNITED STATES OF AMERICA EX REL. BRIAN D. HOLBROOK., | : <br> : <br> : |
| Plaintiff, | : <br> : Civ. No. 11-4732 (SDW/MCA) |
| v. | : <br> : **MEMORANDUM OPINION** |
| THE BRINKS COMPANY, ET AL., | : <br> : |
| Defendants. | : <br> : |

**WIGENTON, U.S.D.J.:**

This matter comes before this Court upon the Motions to Dismiss or Transfer this case filed by Defendants The Brink's Company, Brink's, Incorporated, Jackson Metals LLC, and Walter Luhrman (hereinafter collectively the "Defendants"). (Doc. Nos. 26 and 27). Relator Brian D. Holbrook (hereinafter "Holbrook") opposes the Defendants' present Motions, which the Court has considered without oral argument pursuant to Federal Rule of Civil Procedure 78. (Doc. No. 35). For the reasons that follow, this Court will grant the Defendants' Motions and transfer this case to the Southern District of Ohio.

## I. BACKGROUND

Holbrook filed the Complaint that gives rise to this *qui tam* False Claims Act case under seal on August 16, 2011. (Compl.; Doc. No. 1). In the Complaint, Holbrook asserts that he is a resident of Parma Heights, Ohio, and names the following four Defendants, along with their alleged domiciles: (1) The Brinks Company, a Delaware corporation with its principal place of business in Richmond, VA; (2) Brink's, Incorporated, a Delaware corporation with its headquarters located in Coppell, TX (collectively "Brink's"); Jackson Metals LLC, an Ohio Limited Liability Company with

its principal place of business in Jackson, OH; and Walter Luhrman, president of Jackson Metals LLC, a resident of Jackson, OH (collectively "Jackson Metals"). (Id. at ¶¶ 14-23).

The Complaint alleges that the Defendants conspired to defraud "the United States Government, including the Federal Reserve Banks, the United States Mint, and the United States Treasury" by swapping certain pennies minted in 1992 or before, which contain 95% copper, with pennies minted thereafter, which contain only 2.5% copper. (Id. at ¶¶ 1, 3). Holbrook asserts that the Defendants exploited the terms of a "Coin Terminal Agreement" (the "Agreement") between Brink's and the Federal Reserve Bank of Cleveland. (Id. at ¶¶ 2-7). Instead of merely transporting and storing pennies as contemplated by the Agreement, Holbrook claims that Brink's and Jackson Metals conspired to periodically cull older, copper-rich pennies from the coins in Brink's possession, and replace them with newer zinc-based pennies. (Id.) Holbrook alleges that Jackson Metals would pay Brink's an inflated fee for each bag of pennies exchanged. (Id. at ¶¶ 56-57). As a result of the Defendants' alleged scheme, Holbrook asserts that the United States Government was damaged in a variety of ways, most notably including Defendants' illicit hoarding of the valuable copper contained in the older pennies. (Id. at ¶¶ 84-92).

Notably, Holbrook's Complaint is devoid of any substantive factual allegations with a nexus to the District of New Jersey. Indeed, Holbrook expressly alleges the Defendants' scheme was perpetrated primarily in Ohio, with certain limited conduct perpetrated Maryland. The only articulated links to the District of New Jersey contained within Holbrook's 23-page, 98-paragraph Complaint are the assertions that Brink's has "branch offices throughout the country, including in Newark, New Jersey and Cleveland, Ohio", and that "the Defendants transact business in this District." (Id. at ¶¶ 10, 19). Critically, on September 6, 2012, the United States Attorney's Office for the District of New Jersey filed a letter that notified this Court of the United States of America's

"decision not to intervene in this action" pursuant to the terms of 31 U.S.C. § 3730. (Doc. No. 7).

Defendants filed their present Motions on March 25, 2013, and in support thereof, argue that this case should either be dismissed pursuant to Fed. R. Civ. P. 12(b)(6), or transferred to the Southern District of Ohio. (Doc. Nos. 26, 27). With regard to the latter argument, the Defendants note that this case appears to have absolutely no substantive connection to the District of New Jersey. Instead, the allegations in Holbrook's Complaint demonstrate extensive factual connections to Ohio, including the location of nearly all relevant events alleged in the Complaint. On June 6, 2013, Holbrook filed his consolidated opposition to the present Motions, and the Defendants filed reply briefs on June 24, 2013. (Doc. Nos. 35 -37).

## II. DISCUSSION

### A. Legal Standard

Under Title 28, § 1404(a) of the United States Code, district courts may transfer civil actions to any other district where venue would have been proper "for the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a) (2006). The purpose of § 1404(a) is twofold: first, to avoid wasting "time, energy and money[,]" and second, to "protect litigants, witnesses and the public against unnecessary inconvenience and expense." Cont'l Grain Co. v. Barge FBL – 585, 364 U.S. 19, 26-27, 80 S.Ct. 1470, 4 L.Ed.2d 1540 (1960).

A decision to transfer venue is based on "all relevant factors to determine whether on balance the litigation would more conveniently proceed and the interests of justice be better served by a transfer to a different forum." Jumara v. State Farm Ins., 55 F.3d 873, 879 (3d Cir. 1995). The party seeking transfer bears the burden of establishing that transfer is necessary. See id. The moving party must "show the proposed alternative forum is not only adequate, but also more appropriate than the present forum." Hoffer v. InfoSpace.com, Inc., 102 F.Supp.2d 556, 572 (D.N.J. 2000).

The decision of whether to transfer a case is committed to the trial court's sound discretion. See Steward Org., Inc. v. Ricoh Corp., 487 U.S. 22, 29, 108 S.Ct. 2239, 101 L.Ed.2d 22 (1988) (discussing the trial court's discretion under § 1404(a) to adjudicate motions to transfer venue according to an "individualized, case-by-case consideration of convenience and fairness") (quoting Van Dusen v. Barrack, 376 U.S. 612, 622, 84 S.Ct. 805, 11 L.Ed.2d 945 (1964); Cadapult Graphic Sys. v. Tektronix, Inc., 98 F.Supp. 2d 560, 564 (D.N.J. 2000). In determining whether to grant a motion to transfer pursuant to § 1404(a), a reviewing court must first make a threshold determination as to whether the action could have been properly brought in the transferee district. See id. At 570; Shutte v. Armsco Steel Corp., 431 F.2d 22, 25 (3d Cir. 1970). The movant must demonstrate "the propriety of venue in the transferee district and jurisdiction over all of the defendants." LG Elec., Inc. v. First Int'l Computer, Inc., 102 F.Supp.2d 574, 586 (D.N.J. 2001). After the court determines that the jurisdiction and venue would be proper in the transferee district, the court must evaluate two broad categories of factors identified by the Third Circuit Court of Appeals. Jumara, 55 F.3d at 879-80.

The first category includes considerations relevant to the private interests of the litigants. See id. at 879. These interests are: (1) "plaintiff's forum preference;" (2) "defendant's preference;" (3) "whether the claim arose elsewhere;" (4) "the convenience of the parties as indicated by their relative physical and financial condition;" (5) "the convenience of the witnesses – but only to the extent that the witnesses may actually be unavailable for trial in one of the fora;" and (6) "the location of the books and records (similarly limited to the extent that the files could not be produced in the alternative forum)." Id. (internal citations omitted).

The second broad category includes the public's interests in a fair and efficient administration of justice. See id. At 879-80. Considerations here include: (1) "the enforceability of the judgment;"

4

(2) "practical considerations that could make the trial easy, expeditious, or inexpensive;" (3) "the relative administrative difficulty in the two fora resulting form court congestion;" (4) "the local interest in deciding local controversies at home;" (5) "the public policies of the fora;" and (6) "the familiarity of the trial judge with the applicable state law in diversity cases." Id. (internal citations omitted). Neither list of public nor private factors is exhaustive; rather, the analysis under § 1404(a) is flexible and individualized, based on the unique facts of each case. Lawrence v. Xerox Corp., 56 F.Supp.2d 442, 449 (D.N.J. 1999).

  **B.** **Application**

  Applying the foregoing Jumara standard here, this Court concludes that Defendants have carried their burden and established that transfer of this case to the Southern District of Ohio is appropriate. As a threshold matter, this Court notes that no party contests either: (1) that venue would be appropriate in the Southern District of Ohio; or (2) that personal jurisdiction would exist over all parties in that District. Indeed, Holbrook expressly avers that the Southern District of Ohio is among the several districts in which this case could have been filed in the first instance. (Doc. No. 35-1 at p. 22). The Court's focus, therefore, shifts to its consideration of the various Jumara factors.

  As to the "private" factors articulated in Jumara, the Court concludes the factors relevant here strongly favor transferring this case to the Southern District of Ohio. The only factor that might arguably weigh against transfer – "plaintiff's forum preference" – is strongly mitigated by the indisputable reality that, on the face of the Complaint, this case has absolutely no substantive factual connection to the District of New Jersey. Indeed, neither Holbrook, nor any of the Defendants, are citizens of New Jersey, or if corporate entities, have either their headquarters or their principle place of business in New Jersey. Instead, it appears that Holbrook – or more accurately, Holbrook's counsel – chose to file the Complaint in the District of New Jersey based merely upon the bald

5

assertions that one of the Brink's entity Defendants has "branch offices throughout the country, including in Newark, New Jersey and Cleveland, Ohio" and that "the Defendants transact business in this District."  (Compl.; Doc. No. 1 at ¶ 10).  Given that Holbrook is a resident of Ohio, and has no apparent connection to New Jersey, Holbrook's decision to file this District is entitled to little weight within the context of the transfer analysis.  See generally Nat'l Micrographics Sys., Inc. v. Canon U.S.A., Inc., 825 F. Supp. 671, 681 (D.N.J. 1993).

Furthermore, that factor is clearly outweighed by the other three Jumara factors that are relevant here:"defendant's preference;" "whether the claim arose elsewhere;" and "the convenience of the parties as indicated by their relative physical and financial condition."  First, Defendants prefer to litigate this case in the Southern District of Ohio, as expressed in their written submissions. Second, Holbrook alleges that the Defendants' scheme was perpetrated primarily in Ohio. (Compl.; Doc. No. 1 at ¶¶ 53-83).  Third, and finally, it is readily apparent that Ohio is the far more convenient litigation venue for both Holbrook, who is an Ohio resident, and the Defendants.

As to the "public" factors articulated in Jumara, this Court similarly concludes the factors relevant here strongly favor transferring this case to the Southern District of Ohio.  Specifically, with regard to "practical considerations that could make the trial easy, expeditious, or inexpensive", the Southern District of Ohio is obviously the more efficient venue, given that many of the parties are domiciled in Ohio, and nearly all of the facts that give rise to this case allegedly occurred in Ohio. For the same reasons, the factors that consider "the local interest in deciding local controversies at home", and "the public policies of the fora", also strongly favor the Southern District of Ohio instead of the District of New Jersey.

In sum, therefore, the Court concludes that a balancing of the relevant "private" and "public" factors articulated in Jumara militate in favor of transferring this case to the Southern District of

Ohio. In so concluding, this Court briefly addresses the arguments made by Holbrook in opposition to transfer. Holbrook puts forth three arguments why this case should remain in New Jersey: (1) because the Complaint could arguably have been filed in several other Districts around the country, including the District of New Jersey; (2) because Holbrook's counsel is located in New Jersey; and (3) because the Complaint was initially referred to the United States Attorney's Office for the District of New Jersey pursuant to the terms of 31 U.S.C. § 3730. None of these arguments are availing.

As to the first argument, Holbrook's counsel appears to conflate the propriety of venue pursuant to 28 U.S.C. § 1391, and the appropriateness of transfer pursuant to 28 U.S.C. § 1404(a). The Defendant's present Motions, of course, implicate the latter. Thus, the issue here is not whether this case was properly brought in this District, but whether it should be transferred. For the reasons noted above, the factors this Court must consider pursuant to § 1404(a) militate in favor of transfer. Holbrook's second argument lacks merit because it effectively requests that the Court graft an entirely new consideration upon the well-forged analyses for both § 1391 and § 1404(a) – i.e., the forum preference of a plaintiff's counsel. This Court declines to do so. Lastly, Holbrook's third argument is entirely ineffectual, because as noted above, the United States Attorney's Office for the District of New Jersey has expressed that the United States of America will not intervene in this case.

## III. CONCLUSION

For the foregoing reasons, this Court concludes after consideration of the relevant Jumara factors that this case should be transferred to the Southern District of Ohio. As such, Defendants' present Motions will be GRANTED insofar as they seek transfer of this case to the Southern District of Ohio. (Doc. Nos. 26, 27). In light of that decision, this Court shall not address Defendants'

arguments regarding the dismissal of Holbrook's Complaint pursuant to Fed. R. 12(b)(6).

Dated: September 3, 2013

s/SUSAN D. WIGENTON, U.S.D.J.